IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JOHN T. BAKER,**

                      **Plaintiff,**

          v.                                CASE NO. 12-3165-SAC

**SEDGWICK COUNTY JAIL,**
**et al.,**

                      **Defendants.**


<u>O R D E R</u>

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Sedgwick County Detention Center in Wichita, Kansas.[1]  Before the court is plaintiff's motion for leave to proceed in forma pauperis.

*Motion for Leave to Proceed In Forma Pauperis, 28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action.  *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee).  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).  Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing

---

[1] Plaintiff was a prisoner in the county jail when he filed this action.  The court file reflects that he was released approximately one month later, and then subsequently returned to the county facility.

fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having considered the sparse financial records provided by plaintiff in a companion action,[2] the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).  Plaintiff's motion for an extension of time to provide an inmate account statement is denied as moot.  Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Screening of the Complaint – 28 U.S.C. § 1915A*

Because plaintiff initiated this action which he was a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v.*

---

[2] *See Baker v. Sedgwick County Jail*, Case No. 12-3163-SAC.

*Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

In the present case, plaintiff seeks damages[3] on allegations of false imprisonment and cruel and unusual punishment in being confined in a jail rather than a youth facility in 1997 when plaintiff was seventeen years old and arrested for driving under the influence (DUI). He names the Sedgwick County jail and the Sedgwick County sheriff (Sheriff Hinshaw) as defendants.

Pursuant to a court order that plaintiff resubmit his complaint on a court approved form, plaintiff filed an amended complaint naming Sheriff Hinshaw and Sedgwick County Officer Scheiff as the only defendants.[4] In the amended complaint plaintiff expands his allegations to state he was wrongfully held in the jail for ten days in 1997, and appears to expand his false imprisonment claim to encompass the use of that 1997 offense to make his 2012 arrest for

---

[3] Plaintiff seeks punitive damages, "declarative judgment" damages, damages for pain and suffering, and damages for lost wages.

[4] Because plaintiff's amended complaint supercedes and replaces the original complaint, these two defendants are now the only defendants in this matter. Plaintiff is advised, however, that the Sedgwick County facility, named as a defendant in the original complaint, is not a legal entity subject to suit, nor a "person" for purposes of establishing a cause of action under § 1983. *See Aston v. Cunningham*, 2000 WL 796086 at *4 n. 3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued").

DUI a felony offense.

To the extent plaintiff seeks damages for his alleged false imprisonment in a jail in 1997, even if a claim of constitutional significance could be presented, such relief would be time barred by the two year limitation period applicable to § 1983 claims. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993)(a two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

To the extent plaintiff alleges false imprisonment pursuant to his present charge, conviction, or sentence for a felony DUI, any attempt to invalidate the use of 1997 offense in prosecuting plaintiff in 2012 challenges the validity of his 2012 criminal offense, thus plaintiff must proceed in habeas corpus on such allegations after first exhausting state court remedies. Plaintiff's request for damages is premature absent a showing the legal basis for his present confinement has been reversed, overturned, or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477 (1994)(a prisoner cannot bring a civil rights action to directly challenge his confinement until and unless the reason for his continued confinement has been invalidated); *Edwards v. Balisok*, 520 U.S. 641 (1997)(applying favorable termination rule in *Heck* to § 1983 actions).

The court thus concludes the amended complaint is subject to being summarily dismissed as stating no claim upon which relief can be granted under § 1983.[5]  28 U.S.C. § 1915A(b); 28 U.S.C. §

---

[5] Plaintiff is advised that dismissal of the complaint will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

1915(e)(2)(B)(ii).

### Notice and Show Cause Order to Plaintiff

Plaintiff is directed to show cause why the amended complaint should not be summarily dismissed as stating no claim for relief.  The failure to file a timely response may result in the amended complaint being dismissed for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).  Plaintiff's motion for an extension of time to provide an inmate account statement (Doc. 6) is denied as moot.

IT IS FURTHER ORDERED that the Sedgwick County Jail is dismissed as a defendant in this matter.

IT IS FURTHER ORDERED that plaintiff is to show cause within twenty (20) days why the amended complaint should not be summarily dismissed without prejudice as stating no claim for relief.

A copy of this order is to be provided to plaintiff, and to the finance officer where plaintiff is currently confined.[6]

**IT IS SO ORDERED.**

DATED:  This 23rd day of October 2012 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge

---

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[6]